FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 13 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MICHAEL SALAZAR,

                Plaintiff,

    -against-

MIGUEL SALAZAR, LENORE KRAMER, AS
GUARDIAN OF MIGUEL SALAZAR, ISABEL
SALAZAR AS FORMER GUARDIAN OF
MIGUEL SALAZAR, AND ISABEL SALAZAR,
PERSONALLY, EZRA BARONE, AS FORMER
GUARDIAN OF MIGUEL SALAZAR, AND
EZRA BARONE, PERSONALLY,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

15-CV-2049 (SLT) (VMS)

       Plaintiff Michael Salazar brings this action against his father, Miguel Salazar; his sister, Isabel Salazar; his niece, Ezra Barone; and Lenore Kramer, his father's guardian, seeking to recover the proceeds of the sale of real property which plaintiff deeded to his father and late mother in or about 1991. The complaint specifically alleges that "[t]he Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)." *See* Complaint, ¶ 2. However, the complaint does not aver the citizenship of any of the parties, but only alleges the state in which each of the parties resides and/or provides a residential or office address for each party. In addition, the pleading specifically alleges that plaintiff and one of the defendants, Isabel Salazar, are both residents of Pennsylvania.

       Under 28 U.S.C. § 1332(a)(1), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ...." "Subject matter jurisdiction ... based on 28 U.S.C. § 1332[(a)(1)] ... requires 'complete diversity,' *i.e.* all plaintiffs must be

citizens of states diverse from those of all defendants." *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan*, 772 F.3d 111, 117-18 (2d Cir. 2014) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). The party asserting jurisdiction bears the burden of proving that jurisdiction exists. *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006).

"[A] challenge to subject matter jurisdiction ... may be raised ... *sua sponte* at any time." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997) (internal quotations omitted). Indeed, "[b]ecause of the limited jurisdiction of the federal courts, ... it is incumbent upon [a] court to raise the question of subject matter jurisdiction sua sponte whenever it appears from the pleadings or otherwise that jurisdiction is lacking." *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It is well established that in diversity actions, the citizenship of the parties "should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (quoting *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893)). "[A] statement of residence ... tells the court only where the parties are living and not of which state they are citizens." *John Birch Soc'y*, 377 F.2d at 199. Accordingly, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp.*, 87 F.3d at 47 (citing cases).

Plaintiff's pleading in this case alleges only the residence of the parties, not their citizenship. Moreover, the pleading alleges that one of the defendants, Isabel Salazar, is a resident of the same state as plaintiff, suggesting that complete diversity may be lacking. Accordingly, it is

**ORDERED** that plaintiff file an amended complaint on or before May 29, 2015, which avers the citizenship of each of the parties to the action. If one of the defendants is a citizen of the same state as plaintiff, and that party is not indispensable, plaintiff may wish to dismiss that party from the action without prejudice. If one of the defendants is a citizen of the same state as plaintiff, and that party is indispensable, plaintiff may either dismiss the entire action without prejudice or request that this action be transferred to state court.

/s/ Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: May 12, 2015
      Brooklyn, New York