FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 14 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICHAEL SALAZAR,

                    Plaintiff,

      -against-

MIGUEL SALAZAR, LENORE KRAMER, AS
GUARDIAN OF MIGUEL SALAZAR, ISABEL
SALAZAR AS FORMER GUARDIAN OF
MIGUEL SALAZAR, AND ISABEL SALAZAR,
PERSONALLY, EZRA BARONE, AS FORMER
GUARDIAN OF MIGUEL SALAZAR, AND
EZRA BARONE, PERSONALLY,

                    Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

15-CV-2049 (SLT) (VMS)

      In April 2015, plaintiff Michael Salazar commenced this diversity action against his father, Miguel Salazar; his sister, Isabel Salazar; his niece, Ezra Barone; and Lenore Kramer, his father's guardian, seeking to recover the proceeds of the sale of real property which plaintiff deeded to his father and late mother in or about 1991. Plaintiff's complaint, however, not only failed to allege the citizenship of any of the parties, but specifically alleged that plaintiff and one of the defendants, Isabel Salazar, were both residents of Pennsylvania. Accordingly, in a memorandum and order dated May 12, 2015, the Court directed plaintiff to take one of four actions: (1) file an amended complaint averring the citizenship of each of the parties to the action; (2) dismiss those defendants who are citizens of the same state as plaintiff; (3) dismiss the entire action without prejudice; or (4) request that this action be transferred to state court.

      In a letter dated May 29, 2015, plaintiff concedes that defendant Salazar is a citizen of the same state as plaintiff. *See* Letter to Hon. Judge Sandra L. Townes from Marjory Cajoux, dated May 29, 2015. Plaintiff further states that defendant Salazar is an indispensable party,

precluding plaintiff from dismissing her from the action. Accordingly, plaintiff requests that the Court transfer this action to state court in the interest of justice.

In a letter dated June 22, 2015, defendant Kramer requests a pre-motion conference in anticipation of moving to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure. Kramer notes that plaintiff's letter concedes that complete diversity of citizenship is lacking and that the action cannot be brought in this Court. However, Kramer opposes plaintiff's request that the action be transferred. She notes that New York State law requires a plaintiff to obtain court permission to sue a guardian before commencing an action against the guardian, and implies that transfer would be futile because plaintiff has not satisfied this condition precedent. *See* Letter to Hon. Townes from Josh Silber, dated June 22, 2015, p. 2.

Since jurisdiction in this case is predicated solely on diversity and since plaintiff concedes that there is not complete diversity between the parties, the Court lacks subject-matter jurisdiction over this action. *See Pa. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014) ("Subject matter jurisdiction ... based on 28 U.S.C. § 1332 ... requires 'complete diversity ....'"). Furthermore, while 28 U.S.C. § 1631 authorizes a federal court in which a case has been improperly filed to transfer the case to another federal court in which the action or appeal could have been brought, that section does not permit the transfer of an action to state court. *Giusti v. Morgan Stanley Smith Barney, LLC*, 581 Fed. App'x 34, 35 (2d Cir. 2014) (summary order) (citing *McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 428-29 (3d Cir. 1983)). Accordingly, the Court lacks the authority to grant plaintiff's request that this action be transferred to state court, *see id.*, and must dismiss this action. *See* Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## *CONCLUSION*

For the reasons set forth above, the Court *sua sponte* dismisses this action without prejudice to re-filing in state court. *See* Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to enter judgment in accordance with this memorandum and order and to close this case.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: October 13, 2015
Brooklyn, New York